USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUSSIE SCHIK,
*individually and on behalf of all other similarly
situated*
                                        Plaintiff,

            -against-

Miramed Revenue Group, LLC,

                                        Defendant.

---

18-cv-7897 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Sussie Schik, individually and on behalf of all others similarly situated,

("Plaintiff") brings this action against Miramed Revenue Group, LLC ("Defendant") for alleged

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Defendant

moves pursuant to Rule 12(b)(6) to dismiss on the basis that Plaintiff's complaint fails to state a

claim upon which relief can be granted. For the following reasons, the motion to dismiss is

GRANTED, with prejudice.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and attached exhibit. Defendant

is regularly engaged in the for-profit collection of debts allegedly owed by consumers. ECF No.

1 at ¶ 8. Defendant alleges Plaintiff owes a debt (the "Debt"). ECF No. 1 at ¶ 10. The Debt was

incurred "primarily for personal, family or household purposes." ECF No. 1 at ¶11. At some

point, the Debt was assigned or transferred to Defendant for collection. ECF No. 1 at ¶ 13. On

April 12, 2018, Defendant sent an initial communication to Plaintiff (the "Collection Notice") in

an effort to collect the Debt.

The Collection Notice, which is attached to the complaint, is one side of a single sheet of paper. It includes text in varying sizes, some of which is bolded. ECF No. 1 at ¶ 28-30. Located about one-third down the page, in larger and non-bolded typeface is a box that contains four lines: "**** PLEASE CALL ****"; "Phone: [Defendant's phone number] · Fax: [Defendant's fax number]"; "Outside Illinois: [Defendant's phone number]"; "To make your payment online, please visit us at [Defendant's website]". *See* ECF No. 1-1.

Near the middle of the page, in a smaller and non-bolded typeface is the following statement (the "Validation Rights"):

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if one exists, and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Located about two-thirds down the page, in larger and bolded typeface, is the statement: "Mail All Written Notices, Including Bankruptcy and Dispute Notices, To [Defendant's Address]." *Id.*

Immediately prior to the Validation Rights, in the same typeface are two paragraphs: "We request payment in full. If you cannot pay the amount due, but wish to make payments on this overdue debt, please call this office with your proposal and we will discuss payment terms." and "You can mail payment to us at the address listed above. We will also accept payment by credit card or check-by-phone at the phone numbers listed above, or you can pay online at [Defendant's website].". Immediately following the Validation Rights, in the same typeface is one paragraph: "Our client has authorized us to investigate settlement opportunities. Should you be interested in pursuing a settlement of this matter please call our office." *Id.*

While the Collection Notice primarily consists of black-on-white text, there are four white-on-black text boxes that read: "ADDRESSEE:"; "NOTICE OF AMOUNT DUE"; "MAKE CHECKS PAYABLE & MAIL TO:" and "MAKE CHECKS PAYABLE & MAIL TO:." *Id*.

On August 29, 2018, Plaintiff filed a complaint alleging that the Collection Notice violates the FDCPA. *See* ECF No. 1. Specifically, Plaintiff alleges the formatting of the Collection Notice overshadows disclosure of the rights required by § 1692g. *Id*. Further, Plaintiff alleges the Collection Notice falsely suggests Plaintiff may only dispute the Debt in writing, in violation of §§ 1692g(a)(3) and 1692e. *Id*.

## STANDARD ON A MOTION TO DIMISS

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Although for the purpose of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). It is not necessary for the complaint to assert "detailed factual allegations," but must allege "more than labels and conclusions." *Twombly*, 550 U.S at 555. The facts in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*.

In ruling on a motion to dismiss, a "court may consider the facts as asserted within the

four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted). Courts also may consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## DISCUSSION

Congress enacted the FDCPA, in part, "to eliminate abusive debt collection practices" and "protect consumers from deceptive or harassing actions taken by debt collectors." 15 U.S.C. § 1692; *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 Fed.Appx. 89, 93 (2d Cir. 2012) (internal citations omitted); see *Vincent v. The Money Store*, 736 F.3d 88, 101 (2d Cir. 2013) (citing *Pililes v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989)) ("Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices."). To achieve these ends, the FDCPA imposes, "among other things, notice and timing requirements on efforts by 'debt collectors' to recover outstanding obligations." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 58 (2d Cir. 2004). Pursuant to Section 1692k of the FDCPA, "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person." 15 U.S.C. § 1692k.

To state a claim under the FDCPA, a plaintiff must demonstrate that: (1) the plaintiff is a person who was the object of efforts to collect a consumer debt; (2) the defendant is a debt collector as defined in the statute; and (3) the defendant has engaged in an act or omission in violation of the FDCPA. *Cohen v. Ditech Fin. LLC*, 15-CV-6828, 2017 WL 1134723, at *5

(E.D.N.Y. Mar. 24, 2017) (citing *Scaturro v. Northland Grp.*, No. 16-CV-1314, 2017 WL 415900 at *2 (E.D.N.Y. Jan. 9, 2017)). In evaluating potential violations of the FDCPA, courts must apply an objective standard based on whether the "least sophisticated consumer" would be deceived by the collection practice. See *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). The "least sophisticated consumer" standard is consistent with the overall purpose of the FDCPA, which is to limit harassing, misleading, and deceptive contacts and communications with or about consumer debtors.

Section 1692g requires a debt collector to provide debtors with written notice of their validation rights. 15 U.S.C. § 1692g. However, the obligation is not simply to convey the validation rights, but rather to convey them clearly. *See Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996)). A debt collection notice that overshadows or contradicts the validation notice violates Section 1692g. *Savino v. Computer Credit*, Inc., 164 F.3d 81, 85 (2d Cir. 1998); *Clomon*, 988 F.2d at 1319. A debt collection letter is considered overshadowing or contradictory "if it would make the least sophisticated consumer uncertain as to her rights." *Russell*, 74 F.3d at 35.

Section 1692e prohibits a debt collector from using or relying on "false representation[s] or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer." 15 U.S.C. § 1692e(10). Applying the "least sophisticated consumer" standard, a collective notice can be deceptive is if is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 232 (2d Cir. 2012) (quoting *Clomon*, 988 F.2d at 1319). "[N]ot every technically false representation by a debt collector amounts to a violation of the FDCPA." *Cohen v. Rosicki, Rosicki & Assocs.*, P.C., 897 F.3d 75, 85 (2d Cir. 2018) (quoting *Gabriele*, 503 F. App'x 89 at 94) (summary order)). For the

alleged false representation to violate the FDCPA, the statement must be material such that it would frustrate a consumer's ability to intelligently choose his or her response. *Cohen*, 897 F.3d at 87.

When evaluating whether a letter violates sections 1692g or 1692e, courts apply "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Russell*, 74 F.3d at 34 (discussing standard in context of section 1692g claims); see also *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) (discussing standard in context of section 1692e claims). For the purposes of a plaintiff's claim that the language of the letter overshadows or contradicts an otherwise compliant validation notice, the court must determine whether the letter, when read as a whole, "would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90. This standard "best effectuates the Act's purpose," *Russell*, 74 F.3d at 34, as it is based on the reasonable assumption that "consumers of below-average sophistication ... are especially vulnerable to fraudulent schemes" perpetrated by debt collectors. *Clomon*, 988 F.2d at 1319. "The hypothetical least sophisticated consumer does not have 'the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer.'" Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010) (quoting Russell, 74 F.3d at 34 (internal quotation marks omitted)).

Though courts are required to consider a letter from the standpoint of a consumer without a background in law or familiarity with the debt collection process, "lack of sophistication is not to be conflated with unreasonableness." *Kagan v. Selene Finance L.P.*, 210 F.Supp.3d 535, 542 (S.D.N.Y. 2016). Even the least sophisticated consumer has an incentive and desire "to read a collection notice with some care," *Ellis*, 591 F.3d at 135 (quoting *Greco v. Trauner, Cohen &*

*Thomas, L.L.P*, 412 F.3d 360, 363 (2d Cir. 2005) ), and the statute "does not aid plaintiffs whose claims are based on 'bizarre or idiosyncratic interpretations of collection notices.'" *Jacobson*, 516 F.3d at 90 (quoting *Clomon*, 988 F.2d at 1320)). Because the standard depends on a hypothetical "least sophisticated consumer," a letter's compliance with the FDCPA is often determined as a matter of law on a motion to dismiss. See *Vega v. Credit Bureau Enters.*, 2005 WL 711657, at *9 (E.D.N.Y. Mar. 29, 2005) ("[H]ow the least sophisticated consumer would interpret the defendant's form debt collection letter can be determined without the aid of expert testimony at trial."); *Abramov v. I.C. Sys., Inc.*, 54 F. Supp. 3d 270, 275 (E.D.N.Y. 2014) ("Notably, courts within the Second Circuit 'have not hesitated to dismiss claims brought pursuant to the FDCPA where the debt collection letter alleged to have run afoul of the statute does not, as a matter of law, provide the basis for a statutory violation.' " (quoting *Lerner v. Foster*, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003))).

## I.    Violations of the FDCPA

Plaintiff asserts, and Defendant does not dispute, that (1) Plaintiff is a person who was the object of efforts to collect a consumer debt and (2) Defendant is a debt collector as defined by the FDCPA. Therefore, the below analysis will only address whether the defendant has engaged in an act or omission in violation of the FDCPA.

### A.    *Violation of § 1692g*

Section 1692g requires debt collectors to communicate certain validation rights to debtors. 15 U.S.C. § 1692g. Plaintiff alleges that, although the Collection Notice's Validation Rights contained the statutorily-required validation rights, they were stated and formatted in a way that overshadowed the information. Specifically, Plaintiff alleges the Validation Rights were visually inconspicuous in that they were in a small, non-bold typeface, with no transitionary

language, and located in the middle of the Collection Notice.  ECF No. 1 ¶ at 28-35, 37. Plaintiff also alleges the Validation Rights "cannot be readily discerned from the rest of the deemphasized writing of the [Collection Notice]" and the Collection Notice was formatted in a way to make the Validation Rights difficult to read and easy to overlook. ECF No. 1 at ¶ 36, 41. She states that the Validation Rights appear to be boilerplate language, "fine print," and unimportant and the Collection Notice discourages her from reading them. ECF No. 1 at ¶ 42-45. Plaintiff asserts the Collection Notice emphasizes Defendant's demand for payment and deemphasizes Plaintiff's rights through use of white-on-black text, capital letters, varying font sizes, and bold typefaces. ECF No. 1 at ¶ 47-48.

Looking at the Collection Notice in its entirety, the Court strongly disagrees with Plaintiff. Plaintiff argues her rights are difficult to read. *See Gaetano v. Payco of Wisconsin, Inc.*, 774 F. Supp. 1404, 1410 (D. Conn. 1990) (noting validation rights must be easily read and sufficiently prominent). However, while the rights are in a smaller typeface than other language in the Collection Notice, they are easy to read. Further, they are the same size as, and located between, other language instructing Plaintiff how to pay, set up a payment plan, or pursue a settlement, casting doubt on Plaintiff's assertion that they appear boilerplate, like "fine print," or unimportant. Plaintiff's assertion that the rights may be overlooked is similarly without merit. They are written in the middle of the page. Other courts have held rights can even be placed on the back of the letter, so long as they are not overshadowed or contradicted by other material. *See McStay*, 308 F.3d at 192.

Plaintiff states "[o]n facts similar to the case-at-bar, numerous Courts have agreed with Plaintiff," but only cites to two out-of-district cases: *Thomas v. Nat'l Bus. Assistants, Inc.*, 1984 WL 585309 (D. Conn. Oct. 5, 1984) and *Ost v. Collection Bureau, Inc.*, 493 F. Supp. 701, 703

(D.N.D. 1980). Both cases are easily distinguishable. In *Thomas*, the Court described the disputed letter as containing a "deceptively worded 'Necessary Required Notification'" label and noted the rights were "inconspicuous and grossly overshadowed by the bold faced statement that payment is expected within three days." *Thomas*, 1984 WL 585309, at * 1. In *Ost*, the validation rights were written on the back of the letter, with no reference to them on the front. *Ost*, 493 F. Supp. 701 at 703.

The Court finds this case more analogous to *Allen v. Advanced Call Ctr. Techs., L.L.C.*, 2019 U.S. Dist. LEXIS 172262, (E.D.N.Y. Sept. 30, 2019). In that case, the validation rights were in the sixth paragraph, on the front page, and with no transitory language. *Id*. at *20-22. The Court noted "even the least sophisticated consumer reviews a collection letter with care and reads the letter in its entirety." *Id. See also Jacobson*, 516 F.3d at 92 (affirming district court's finding of no FDCPA violation where validation rights were on the front of the letter, below the initial statement, and in clear terms); *Nunez v. Mercantile Adjustment Bureau, LLC*, 2020 WL 2475619 (E.D.N.Y. May 13, 2020) (finding compliance with the FDCPA where plaintiff alleged the validation notice was buried within the notice's text and was visually inconspicuous); *Musarra v. Balanced Healthcare Receivables, LLC*, 2020 WL 1166449 (E.D.N.Y. Mar. 11, 2020) (dismissing overshadowing claims where validation rights were in the same typeface as the surrounding text, attention was diverted away by other language in bold or capital letters, and there was no transitory language). Therefore, the Courts finds Plaintiff has failed to state a violation of § 1692g.

       B.      *Violations of §§ 1692g(a)(3) and 1692e*

Plaintiff alleges the Collection Notice violates §§ 1692g(a)(3) and 1692e because it does not clearly communicate and is reasonably susceptive to an inaccurate reading concerning her

right to dispute the Debt orally. See ECF No. 1 at ¶ 63-64, 71-79. Because the analyses of these two claims are similar and because the Plaintiff and many opinions address them in tandem, the Court will address both claims here.

Section 1692g(a) requires debt collectors to provide debtors, among other things:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The Second Circuit has held that, notwithstanding the "in writing" requirements of §§ 1692g(a)(4) and 1692g(a)(5), debtors have the right to dispute debts both orally and in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013). In the same decision, it also held the language provided by § 1692g(a)(3) sufficiently informs the debtor of this right. *Id*. The Validation Rights in the Collection Notice tracks the language of § 1692g(a)(3), but Plaintiff alleges other language overshadows and contradicts the required statement under § 1692g(a)(3) and makes it reasonably susceptive to an inaccurate reading in violation of § 1692e. ECF No. 1 at ¶ 53-54.

Plaintiff specifically points to the Collection Notice's bold text that states: "Mail All Written Notices, Including Bankruptcy and Dispute Notices, To [Defendant's address]." ECF No. 1 at ¶ 58. Plaintiff argues this text would lead the "least sophisticated consumer" to believe her dispute must be in writing. ECF No. 1 at ¶ 63. Plaintiff relies on the similarities between this language and the disputed language in *Vetrano v. CBE Group, Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016). In *Vetrano*, the plaintiff sought to amend his complaint to assert

violations of §§ 1692e and 1692g based, in part, on the inclusion of the statement "Forward written disputes to: Po Box 2635, Waterloo, IA 50704-2635." *Id*. at *1. The Court acknowledged the phrase did not explicitly state a consumer could only submit disputes in writing. *Id.* at *9. However, it determined that because the statement was directly preceding the validation rights, it might mislead the "least sophisticated consumer." *Id.*  However, unlike in *Vetrano*, the statement at issue here is located far from the validation rights, in a different typeface, and in a section that is stylistically separate from the validation rights.

The Court finds this case more analogous to *Kagan*. *Kagan*, 210 F.Supp.3d 535. In *Kagan*, the Court considered a letter containing validation rights and a statement that the debtor "may dispute the validity of the debt in writing." *Id*. at 544. The Court reasoned that a straightforward reading of the language indicated the debtor was not required to dispute the debt in writing and the inclusion of a telephone number immediately following the validation rights was further evidence that a dispute could be made orally. *Id.* at 545. Similar logic applies here, where a straightforward reading of the statement implies that *written* disputes, of which there are multiple types, should be sent to Defendant's address and the Collection Notice contains a front-and-center telephone number.

Plaintiff also points to three paragraphs that "book-end" the Validation Rights and indicate Defendant should call Plaintiff if she wishes to make a payment, discuss a payment proposal, or pursue a settlement. Plaintiff suggests these three statements—none of which address disputing the Debt orally—in combination with the statement advising where to mail written disputes, would lead the "least sophisticated consumer" to believe writing was the only acceptable method to dispute the Debt. Plaintiff analogizes the three statements to "Call us at (800) 348-3304 to discuss paying with a check by phone, credit card or debit card," another

statement considered by the court in *Vetrano*. The Court determined the statement would <u>not</u> survive a motion to dismiss, relying heavily on the fact that the statement was clearly distinguishable from the validation rights. The Court also remarked that the defendant was not required to explicitly advise the debtor of his rights to dispute the debt via telephone. Plaintiff argues the *Vetrano* decision's emphasis on the location of the statement should be determinative in this action, where the three statements are close to and "book-end" the validation rights. However, collection notices must be analyzed in their entirety. *See McStay*, 308 F.3d 191. Unlike the letter in  *Vetrano*, the Collection Notice has a box, in larger font, located in the top-third of the page which leads with: "**** PLEASE CALL ****" and "Phone: [Defendant's phone number] · Fax: [Defendant's fax number]." The box is arguably the most noticeable statement on the page and does not restrict use of the phone number to payment-related inquiries.

Reading the Collection Notice in its entirety, the Court cannot find facts to sustain the alleged violations. The Second Circuit has determined the statutorily-required validation rights sufficiently inform a debtor of the right to dispute a debt orally and in writing. *Hooks*, 717 F.3d 282. Both parties agree the Validation Rights track the statutory language. Therefore, to find a violation, the Court needs to find that this message is overshadowed, contradicted, or reasonably susceptive to an inaccurate reading. The box with the text "**** PLEASE CALL ****" and "Phone: [Defendant's phone number] · Fax: [Defendant's fax number]" is prominently featured on the page. The validation rights are clearly communicated. While Defendant encourages Plaintiff to call to discuss payment, payment plans, and settlement plans via phone, the option to orally dispute is not contradicted. While Defendant could certainly be more explicit, even the "least sophisticated consumer" would believe they could use this phone number to contact Defendant regarding any matter. Further, in the context of the entire Collection Notice, the

direction to send *written* disputes to Defendant's address would not lead the "least sophisticated consumer" to think oral disputes are foreclosed. Therefore, the Courts finds Plaintiff has failed to state violations of §§ 1692g(3) and 1692e.

## II.      Abandonment

In its memorandum of law, Defendant argues Plaintiff's § 1692e claim should be dismissed because the disputed language cannot be reasonably interpreted by the "least sophisticated consumer" to represent that a dispute must be made in writing. Defendant asks the Court to dismiss Plaintiff's § 1692e claim on the ground that Plaintiff failed to respond to this argument and therefore abandoned its claim. ECF No. 23.

It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims.  *Wilkov v. Ameriprise Fin. Servs.*, Inc., 753 F. App'x 44 (2d Cir. 2018) ("We affirm the District Court's dismissal of those claims on the ground that they were 'abandoned' by Wilkov when she failed to oppose them in her opposition to Ameriprise's motion to dismiss."); *Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313 (S.D.N.Y. 2018) ("The failure to oppose a motion to dismiss a claim is deemed abandonment of the claim."); *Johnson v. City of New York*, 15-CV-8195, 2017 WL 2312924, at *18 (S.D.N.Y. May 26, 2017) (holding that the plaintiff abandoned her claim because her opposition did not address the defendants' arguments, including their argument that they lacked personal involvement); *Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) (collecting cases).

However, in this case, the Court declines to dismiss Plaintiff's § 1692e claim on this ground. While Plaintiff's opposition brief is not the model of clarity, Plaintiff does address her § 1692e claim and Defendant's arguments in her response brief.[1]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's claims are DISMISSED in accordance with this Opinion.  The Court respectfully directs the Clerk to terminate the motion at ECF 20 and to terminate the action.

Dated:    September 23, 2020                                   SO ORDERED:
              White Plains, New York

_____
                                   NELSON S. ROMÁN
                                   United States District Judge

---

[1] Plaintiff interweaves most of her 1692g and 1692e analyses. However, while she does not explicitly reference 1692e, it is clear she addresses both claims. *See, e.g.*, ECF No. 22  at 15-16 ("[T]his Circuit holds that a collection letter will be false or misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate' or, at the very least, is 'reasonably susceptible to an inaccurate reading' by the least sophisticated consumer. . . .")